IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


SHERYL S. WINBERRY                                                    PLAINTIFF


    v.                              CIVIL NO. 10-2119


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

## <u>ORDER</u>

Plaintiff, Sheryl S. Winberry,  appealed the Commissioner's denial of benefits to this court. ECF No.1.  On June 16, 2011, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 11.  On August 19, 2011, Plaintiff moved for an award of $2673.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 14.05 attorney hours at an hourly rate of $ 170.00 and 3.80 paralegal hours at an hourly rate of $75.00.   ECF No. 13.  Defendant objected to the enhanced  hourly rate claimed by Plaintiff's counsel.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After reviewing the file, we find Plaintiff is a prevailing party in this matter.  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion

of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42

U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)

was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,*

535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99

Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary
> standard is met, in addition to that allowed by the district court out of a
> claimant's past-due benefits does no more than reimburse the claimant for his or
> her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under

both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing

party's litigation expenses incurred while contesting unreasonable government action.  *Id.  See*

*also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time

records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

following factors:  time and labor required; the difficulty of questions involved; the skill required

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

AO72A
(Rev. 8/82)

resulting to the client from the services; the customary fee for similar services; the contingency

or certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler,*

588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit.  *Pierce v. Underwood,*

487 U.S. 552, 573 (1988).  The district court is "in the best position to evaluate counsel's

services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary*

*of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.

1989)).  The court can determine the reasonableness and accuracy of a fee request, even in the

absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th

Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an

accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996,

amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to

$125.00 per hour.  *See* 28 U.S.C. § 2 412(d)(2)(A).  Attorney's fees may not be awarded in

excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court

finds that an increase in the cost of living or a special factor such as the limited availability of

qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase

the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v.*

*Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990),

the court stated that the hourly rate may be increased when there is "uncontested proof of an

increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an

AO72A
(Rev. 8/82)

hour," such as a copy of the Consumer Price Index ("CPI").

In this case, counsel has attached a copy of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. Accordingly, we find that Plaintiff's counsel is entitled to an hourly rate above the statutory minimum in the amount of $170.00 per hour. Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour. We find $75.00 per hour for paralegal work to be reasonable. See *Richlin Security Company v. Chertoff*, 553 U.S. 571, 128 S.Ct. 2007 (2008).

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requests compensation for a total of 11.40 hours for reviewing the transcript, researching the law, and drafting the appeal brief in this case. ECF No. 13, Ex. A. We find this time to be reasonable.

Counsel also requests .30 paralegal hours for verifying that valid service of summons has been made upon defendant, executing and filing return of service and .30 hours for preparing and scanning affidavits. ECF No. 13, Ex. A. This time cannot be compensated under the EAJA, as it required no legal expertise and could have been performed by any general member of counsel's staff. *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Accordingly, .60 paralegal hours must be deducted from the total compensable time sought by counsel.

Based on the above, we award Plaintiff's attorney fees under the EAJA for 14.05 attorney hours at the rate of $170.00 per hour, and 3.20 (3.80 - .60) paralegal hours at the rate of $75.00 per hour for a total attorney's fee award of $2628.50. This amount should be paid in addition to,

-4-

and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S. C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Finally, Plaintiff's counsel requests that the Court direct payment of the EAJA award directly to Plaintiff's counsel and not to Plaintiff. Plaintiff's counsel argues that the EAJA award should be payable directly to him based on Plaintiff's assignment of his interest in any such award of attorney's fees and expenses. The Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff,* 130 S.Ct. 2521, 2522-2523, 177 L.Ed.2d 91 (2010). Therefore, any EAJA award by this Court should be made payable to plaintiff and not plaintiff's counsel.

IT IS SO ORDERED this 15th day of September, 2011.

/S/ J. Marschewski

HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

AO72A
(Rev. 8/82)